70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hubert Vincent EDWARDS, Plaintiff-Appellant,
v.
Art ASHLEY, Sheriff, Kanawha County; William G. Hunt,
Deputy Chief Jailer; D. Mitchell, Correctional
Officer; Medical Staff, Kanawha County,
Defendants-Appellees.
 No. 94-6542.
 United States Court of Appeals, Fourth Circuit.
 Nov. 3, 1995.
Submitted: Oct. 17, 1995.
Decided: Nov. 3, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-94-69-2)
 Hubert Vincent Edwards, Appellant Pro Se.
 Paul Louis Weber, SHUMAN, ANNAND & POE, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 VACATED
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Hubert Vincent Edwards appeals the district court's order adopting the magistrate judge's recommendation to grant the Defendants' motion to dismiss his complaint filed pursuant to 42 U.S.C. Sec. 1983 (1988). The district court found that Edwards sued the Defendants only in their official capacities because Edwards failed to state explicitly that he sued them in their individual capacities. We placed Edwards' case in abeyance pending our decision in Biggs v. Meadows, --- F.3d ---, No. 94-6667 (4th Cir. Sept. 18, 1995), which rejected the presumption on which the district court relied and held that a plaintiff need not plead expressly the capacity in which he sues a defendant to state a cause of action under Sec. 1983. In light of Biggs, we vacate the judgment of the district court and remand for further proceedings.
 
 
 2
 Under Biggs, when a plaintiff fails to specifically allege capacity, courts "must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." Id., slip op. at 7. In applying Biggs to Edwards' case, we find that the allegations in Edwards' complaint focus on the Defendants' actions toward Edwards, despite the fact that he described the Defendants' official duties. Edwards claimed that the Defendants failed to protect him from other inmates because they were aware of a loud argument he had with inmate White and because Defendant Mitchell left open the door to White's cell, which gave White the opportunity to attack him. Edwards also asserted that the Defendants acted with deliberate indifference to his medical needs because they made him wait forty-five minutes before he received medical attention for the broken hand he sustained in the fight with inmate White. After the cast on his hand was removed, Edwards claimed that the jail doctor did not treat the persistent pain in his hand, which Edwards contended was caused by a protruding bone. Edwards sought compensatory and punitive damages,* which are not available in official capacity suits. Further, during the course of the proceedings, Edwards asked in his objections to the magistrate judge's recommendation for an opportunity to amend his complaint to sue the Defendants in their individual capacities. Finally, although we note that the Defendants did not assert qualified immunity as a defense to Edwards' federal constitutional claims, we find that overall the factors in this case demonstrated Edwards' intent to sue the Defendants in their individual capacities.
 
 
 3
 Accordingly, we vacate the judgment of the district court and remand the case for further proceedings. We deny Edwards' motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Because Edwards was transferred to another facility and was no longer subjected to the conditions about which he complained, his claim for injunctive relief was moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)